UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIE R. SPRAGUE,<br><br>  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>  Defendant. | CASE NO. 13-cv-05784 RBL<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: August 22, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed (*see* Dkt. Nos. 18, 19. 20).

After considering and reviewing the record, the Court finds that the ALJ erred by failing to provide adequate reason to reject the opinion of plaintiff's treating physician John Maiorca, MD,  that plaintiff's back impairment required her to walk periodically

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 1

throughout the day to relieve pain. Dr. Maiorca's opinion is significant because the vocational expert testified that an individual with such limitations would not be able to perform the occupations relied on by the ALJ to find plaintiff not disabled.

## BACKGROUND

Plaintiff, JENNIE R. SPRAGUE, was born in 1972, and was 36 years old on the amended alleged date of disability onset of July 1, 2008 (*see* Tr. 138-39, *see also* Tr. 18, 39). Plaintiff finished the ninth grade, passed GED testing, and completed computer training (Tr. 37). Plaintiff worked in accounts payable for a construction company and provided childcare for her granddaughter (Tr. 38-40). She stopped taking care of her granddaughter when it became too hard on her back (Tr. 38).

According to the ALJ, through the date last insured, plaintiff had at least the severe impairments of "degenerative disc disease (DDD) of the lumbar spine, status post motor vehicle accident (20 CFR 404.1520(c))" (Tr. 20).

At the time of the hearing, plaintiff was living with two of her three children, a granddaughter and her significant other (Tr. 36-67).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* Tr. 55-61, 63-69, *see also* 138-39). Plaintiff's requested hearing was held before Administrative Law Judge Gary Elliott ("the ALJ") on January 25, 2012 (*see* Tr. 32053). On January 27, 2012, the ALJ issued a written decision in which the ALJ

concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.15-31).

On July 3, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in September, 2013 (*see* Dkt. Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on February 20, 2014 (*see* Dkt. Nos. 13, 14).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and (4) Whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations (*see* Dkt. No. 18, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

Plaintiff argues that ALJ erred by failing to give specific and legitimate reasons to reject the medical opinion of plaintiff's treating physician John Maiorca, MD, that plaintiff, among other limitations, needed to walk every 15 minutes, for approximately 10 minutes at a time, due to her back impairment (*see* Tr. 349). Dkt. No. 18, pp. 10-12. Dr. Maiorca's opinion is significant because the vocational expert ("VE") testified that if an individual needed to walk around every 15 minutes, for 10 minutes at a time, during a regular work day, that individual would not be able to perform the occupations relied on by the ALJ to find plaintiff not disabled (*see* Tr. 52). The ALJ rejected Dr. Maiorca's opinion because "Dr. Maiorca's findings are only partially supported by the record, and are more restrictive than the claimant's subjective complaints in certain areas" (Tr. 24).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester,* 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). In addition, the ALJ must

explain why her own interpretations, rather than those of the doctors, are correct. *Reddick,* 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Here the ALJ explained that Dr. Maiorca's opinion that plaintiff's "pain and other symptoms would frequently interfere with the attention and concentration needed to perform even simple work tasks" directly conflicted with plaintiff's hearing testimony that her ability to maintain concentration and attention was not affected by her pain or use of medication (*see* Tr. 24, 46).  The ALJ offered no other explanation, however, of how Dr. Maiorca's findings were only partially supported by the record or were more restrictive than plaintiff's own subjective complaints (*see* Tr. 24).  Although, as plaintiff concedes, the ALJ's findings may be sufficient to reject Dr. Maiorca's opinion regarding plaintiff's mental limitations, this Court finds that the ALJ failed to provide a specific and legitimate reason supported by substantial evidence adequate to reject Dr. Maiorca's opinion regarding plaintiff's remaining physical limitations. *See Lester,* 81 F.3d at 830-31

Defendant suggests other reasoning, which is supported by the record, to reject Dr. Maiorca's opinion regarding plaintiff's physical limitations.  *See* Dkt. No. 19, pp. 10-11 (noting that Dr. Maiorca's opinion was rendered two years after the relevant period in plaintiff's claim, and citing findings inconsistent with Dr. Maiorca's opinion that plaintiff needed an assistive device to ambulate).  However, according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray*

*v. Comm'r of the Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp,* 332 U.S. at 196). For this reason, the Court recommends that the ALJ's decision be reversed and remanded for further consideration of the medical opinion of plaintiff's treating physician Dr. Maiorca.

Plaintiff also raises error with the ALJ's treatment of the opinions of the state agency reviewing medical consultants. Dkt. No. 18, pp 8-10. Specifically, plaintiff notes that the ALJ decision wrongfully attributed the opinion of single decision maker Aurelia Segura, regarding plaintiff's physical limitations, to state agency reviewing psychologist Thomas Clifford, PhD (*see* Tr. 24, 57-61). Defendant concedes that the ALJ erred in his treatment of this evidence, yet argues this error was harmless because the ALJ also credited the opinion of state agency reviewing physician Howard Platter, MD, regarding plaintiff's physical limitations. Dkt. No. 19, pp. 8-10. Because this Court has already determined that the ALJ erred in his assessment of the medical opinion of plaintiff's treating physician regarding plaintiff's physical limitations, it is not necessary for the Court to reach a determination on this issue. Nonetheless, on remand, the ALJ may wish to reevaluate this evidence.

## CONCLUSION

The ALJ erred in his assessment of the medical opinion of plaintiff's treating physician Dr. Maiorca. This error is significant because the VE testified that an

1  individual with the limitations opined by Dr. Maiorca would not be able to perform the

2  occupations relied on by the ALJ to find plaintiff's not disabled under the Act.

3       Based on these reasons, and the relevant record, the undersigned recommends that

4  this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

5  405(g) to the Acting Commissioner for further consideration.  **JUDGMENT** should be

6  for **PLAINTIFF** and the case should be closed.

7       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

8  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.

9  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

10

11  purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

12  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

13  matter for consideration on August 22**,** 2014, as noted in the caption.

14       Dated this 30th day of July, 2014.

15

16

17       J. Richard Creatura
      United States Magistrate Judge

18

19

20

21

22

23

24